UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLES HARDIN ET AL.** | **CASE NO. 2:19-CV-00881** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PINNACLE ENTERTAINMENT INC ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss, or Alternatively, Motion to Exclude Expert Evidence [doc. 31] filed by defendant PNK (Lake Charles), LLC, d/b/a L'Auberge du Lac Casino Resort ("L'Auberge"). Plaintiffs have not filed a response and their time for doing so has passed. Accordingly, the motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from injuries allegedly suffered by plaintiff Charles Hardin when he slipped in a puddle near the buffet area at the L'Auberge Casino Resort in Lake Charles, Louisiana, on or about June 15, 2018. Doc. 1, att. 1, pp. 1–2. Hardin and his wife, Andrea, filed suit against L'Auberge in the 14th Judicial District, Calcasieu Parish, Louisiana, on June 3, 2019. *Id.* at 1–4. L'Auberge then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

On December 12, 2019, after the case's removal, plaintiffs' counsel filed a motion to withdraw. Doc. 10. The magistrate judge granted the motion after a hearing on January 16, 2020, with both plaintiffs participating. Doc. 14. There she explained to plaintiffs their

obligations in proceeding *pro se*, including their duty to abide by the court's orders and rules, and warned that their failure to comply could result in the suit being dismissed. *Id.* The plaintiffs provided their home address in Texas, in order to receive notice of filings in the case.

On the same date as the hearing on the Motion to Withdraw, the court also held a scheduling conference with both plaintiffs and defense counsel. *Id.* A scheduling order then issued, setting a trial date of January 11, 2021, and related deadlines. Doc. 15. Pursuant to that scheduling order, the magistrate judge held a status conference on October 27, 2020. There plaintiffs stated that they had not received the original scheduling order and supplied a new home address and email. Docs. 23, 24. Accordingly, the magistrate judge refixed the trial date for June 21, 2021, and issued another scheduling order with related pretrial deadlines. *Id.*

Since that time, L'Auberge asserts, plaintiffs have done nothing to prosecute their case. They have also failed to meet their deadlines for disclosing expert witnesses or treating physicians. Doc. 31, att. 1, p. 3. Accordingly, L'Auberge filed the instant motion on March 23, 2021, requesting that the case be dismissed without prejudice or, alternatively, that plaintiffs be barred from introducing any expert testimony at trial. Plaintiffs have not responded to this motion or to L'Auberge's motion for summary judgment, and their time for doing so has passed.[1]

---

[1] At a telephone status conference conducted before the magistrate judge on March 30, 2021, plaintiffs appeared and expressed their desire to dismiss the suit. Doc. 33. Since that time, however, they have not followed up with a formal motion or stipulation.

## II.
## LAW & APPLICATION

Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute or comply with a court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). It applies even to parties proceeding *pro se*, because "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). Although dismissal under Rule 41(b) may be with or without prejudice, dismissal with prejudice is only appropriate in the face of purposeful delay or contumacious conduct against which the court determines that lesser sanctions would be futile. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Here there is no indication that plaintiffs intend to call a treating physician or other expert. Accordingly, the failure to meet these disclosure deadlines does not necessarily show a violation of a court order. Still, plaintiffs have delayed this matter and shown their unwillingness to prosecute the case by (1) failing to provide correct addresses or inform the court after they did not receive a copy of the first scheduling order, (2) failing to respond to either of L'Auberge's dispositive motions, and (3) failing to follow up on their expressed

desire to dismiss the suit. *See* note 1, supra. With less than two months remaining, the court has no indication of whether plaintiffs are willing—much less prepared—to go to trial. Accordingly, the matter will be dismissed without prejudice for failure to prosecute. Plaintiffs may move to reinstate the suit within the next 14 days, upon a showing of good cause.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss, or Alternatively, Motion to Exclude Expert Evidence [doc. 31] will be granted and this matter will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 28th day of April, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**